NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES LE CARRE *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIANCE HC 11 LLC *et al.*,<br><br>Defendants. | Civil Action No. 21-20226 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiffs James Le Carre and the Estate of Alexander Olin's (together, "Plaintiffs") Motion to Remand. (ECF No. 7.) Defendants, a group of entities and individuals associated with a nursing home in Andover, New Jersey, opposed (ECF No. 11), and Plaintiffs replied (ECF No. 19).[1] The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court remands this action.

**I.   BACKGROUND**

The facts are straightforward. On April 10, 2020, 75-year-old Alexander Olin ("Olin") passed away from complications from COVID-19 at a nursing home operated by Defendants. (Compl. ¶ 92, ECF No. 1-1.) Olin's was one of many deaths occurring at nursing homes around the country at the pandemic's opening onslaught. (*Id.* ¶ 59.) Those nursing home deaths led to

---

[1] Defendants also requested leave to file a sur-reply. (ECF No. 20.) The Court has considered Defendants' sur-reply brief in its decision today; the brief does not change the Court's disposition. The Court therefore denies Defendants' request as moot.

nursing home lawsuits, like Plaintiffs' here. Specifically, Plaintiffs' Complaint alleges that Defendants tended to Olin without the use of personal protective equipment and otherwise failed to properly care for him. (*E.g.*, *id.* ¶¶ 87-95.)

Although the facts are tragic, this case concerns relatively mundane issues of removal. Plaintiffs initially sued Defendants in Ocean County state court, alleging four counts: (1) violations under N.J. Stat. Ann. § 30:13 *et seq.* and the Omnibus Budget Reconciliation Act of 1987, (2) medical malpractice, (3) negligence, and (4) gross negligence. (*See generally* Compl.) Defendants removed, asserting in a 44-page notice of removal that Plaintiffs' Complaint raised a federal question by virtue of preemption under the Public Readiness and Emergency Preparedness Act (the "PREP Act"), an embedded federal question, and federal-officer jurisdiction. (*See generally* Defs.' Notice of Removal, ECF No. 1.) The instant motion to remand followed.

Notably, this matter is not Defendants' first foray into federal court. Defendants previously removed a complaint asserting the same set of facts and negligence and wrongful death claims. *Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393, 400 (3d Cir. 2021) (per curiam), *reh'g en banc denied*, No. 20-2833 (Feb. 7, 2022). Like here, Defendants asserted PREP Act preemption, embedded-federal-question jurisdiction, and federal-officer jurisdiction as bases for removal. *Id.* The Third Circuit rejected each approach. It began by noting that the federal government has no role to play in causes of action sounding in state law: "There is no COVID-19 exception to federalism." *Id.* Turning to Defendants' specific theories, the Third Circuit rejected PREP Act preemption because the PREP Act provided an exclusive federal cause of action only "against a covered person for death or serious physical injury proximately caused by willful misconduct." *Id.* at 409 (quoting 42 U.S.C. § 247d-6d(d)(1)). Congress set a high bar for claimants alleging willful misconduct under the PREP Act. *See id.* (noting that plaintiffs must prove by clear and convincing

2

evidence seven elements that are "more stringent than a standard of negligence in any form or recklessness" (citations omitted)). Indeed, according to the Third Circuit, "a claim for willful misconduct under the PREP Act requires wrongful intent, knowledge that the act lacked legal or factual justification, and disregard of a 'known or obvious risk that is so great as to make it highly probable that the harm will outweigh the benefit'"—"*a separate cause of action from negligence.*" *Id.* at 410-11 (emphasis added) (quoting 42 U.S.C. § 247d-6d(c)(1)(A)). The PREP Act thus did not preempt Defendants' negligence and wrongful death claims.

The Third Circuit further rebuffed Defendants' federal-question and federal-officer theories of removal. It reasoned that no embedded federal question under the PREP Act existed because PREP Act preemption was, at best, an anticipatory federal defense. *See id.* at 413 ("The estates would properly plead their state-law negligence claims without mentioning the PREP Act, so the PREP Act is not 'an essential element of the plaintiff[s'] state law claim.'" (alteration in original) (quoting *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 163 (3d Cir. 2014))). Relatedly, the complaint did not assert federal-officer jurisdiction because nursing homes "do not assist or help carry out the duties of a federal superior" nor are they "delegated federal authority" or "provide a service that the federal government would otherwise provide." *Id.* at 405 (citing, for example, *In re Commonwealth's Motion to Appoint Couns. Against or Directed to Def. Ass'n of Phila.*, 790 F.3d 457, 469 (3d Cir. 2015)). The Third Circuit accordingly affirmed the district court's grant of the plaintiffs' motion to remand.[2]

With that binding precedent in mind, the Court turns to Plaintiffs' remand motion.

---

[2] At least three other U.S. Circuit Courts of Appeals have reasoned similarly. *See generally Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580 (5th Cir. 2022); *Martin v. Petersen Health Operations, LLC*, 37 F.4th 1210 (7th Cir. June 15, 2022); *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679 (9th Cir. 2022).

3

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(b), a defendant may remove an action brought in state court if the federal court has original jurisdiction of the case, such as under the diversity provisions of 28 U.S.C. § 1332. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). At all stages of litigation, the defendant bears the burden of proving federal jurisdiction is proper. *See id.* at 111; *Stephens v. Gentilello*, 853 F. Supp. 2d 462, 465 (D.N.J. 2012) (citations omitted). "A case must be remanded if, at any time before final judgment, the district court discovers that it lacks subject matter jurisdiction to hear the case." *Stephens*, 853 F. Supp. 2d at 465 (citing 28 U.S.C. § 1447(c)). Further, a court "should strictly construe removal statutes and resolve all doubts in favor of remand." *Id.* at 466 (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)).

## III. DISCUSSION

Facing the Court is whether this case is any different from *Maglioli*, which is binding precedent.[3] Defendants urge that *Maglioli* does not apply to its three theories of federal-officer jurisdiction, embedded federal-question jurisdiction, and PREP Act preemption. The Court disagrees.

*First*, the Third Circuit's holding that nursing homes do not qualify for federal-officer jurisdiction unquestionably applies here. The *Maglioli* Court thoroughly analyzed whether Defendants bore a close enough relationship to the federal government to qualify as federal officers. 16 F.4th at 405-06. It roundly rejected Defendants' arguments, concluding that "Congress did not deputize all of these private-sector workers as federal officers." *Id.* at 406; *see also*

---

[3] Defendants question the precedential value of *Maglioli* based on their filing of a petition for rehearing en banc. (Defs.' Opp'n Br. 2, ECF No. 11.) That issue, however, is now moot as the Third Circuit denied Defendants' petition on February 7, 2022. *Maglioli*, No. 20-2833 (Feb. 7, 2022), ECF No. 92.

*Mitchell*, 28 F.4th at 590 ("[D]esignation of nearly the entire private economy as critical infrastructure cannot create the kind of relationship required for a private entity to utilize the federal officer removal statute."). The Court reaches the same conclusion here.

*Second*, *Maglioli* is on all fours regarding Defendants' embedded-federal-question argument. Defendants raise the *same* embedded federal question here that they raised before the Third Circuit. (*Compare* Defs.' Opp'n Br. 30 ("In the context of the COVID-19 pandemic, which has affected every state in the country, the present case raises substantial questions concerning the application of various provisions of the PREP Act, including the broad immunity provision and the interpretation of the exception for claims involving willful misconduct . . . ."), *with* Appellants' Opening Br. 63, *Maglioli*, No. 20-2833, ECF No. 28 ("In the context of the COVID-19 pandemic, which has affected every state in the country, the present case raises substantial questions concerning the application of various provisions of the PREP Act, including the broad immunity provision and the interpretation of the exception for claims involving willful misconduct . . . .").) *But see Maglioli*, 16 F.4th at 413 ("Here, the nursing homes would at best be entitled to a preemption defense under the PREP Act. The estates would properly plead their state-law negligence claims without mentioning the PREP Act, so the PREP Act is not an essential element of the plaintiffs' state law claim." (internal quotation marks, alteration, and citations omitted)). The Third Circuit dismissed Defendants' argument with ease, and this Court does the same.

*Finally*, Defendants attempt to keep their federal court hopes alive by resuscitating their PREP Act preemption argument. This time, Defendants contend that Plaintiffs' Complaint asserts willful misconduct, as the PREP Act defines that term. Not so. As the Third Circuit noted, the PREP Act requires seven elements for willful misconduct:

> The plaintiff must show (1) "an act or omission," that is taken (2) "intentionally to achieve a wrongful purpose," (3) "knowingly

5

> without legal or factual justification," and (4) "in disregard of a known or obvious risk that is so great as to make it highly probable that the harm will outweigh the benefit." Moreover, the action must be (5) "against a covered person," (6) "for death or serious physical injury" that is (7) "proximately caused by [the covered person's] willful misconduct."

*Maglioli*, 16 F.4th at 410 (alteration in original) (citations omitted). That's not all, as Congress mandated that PREP Act plaintiffs prove those elements by "clear and convincing evidence" and that the standard for liability "shall be construed" as "more stringent than a standard of negligence in any form or recklessness." *Id.* (citations omitted). Indeed, even generalized requests for punitive damages—which often require allegations of willful misconduct—are insufficient under the PREP Act. *See id.* at 411. ("[W]e cannot infer from that fleeting statement [of punitive damages] that the estates allege the nursing homes acted with intent 'to achieve a wrongful purpose,' or with knowledge that their actions lacked 'legal or factual justification.'" (quoting 42 U.S.C. § 247d-6d(c)(1)(A))). The Complaint comes nowhere close to pleading these elements or meeting this standard.[4]

Defendants shore up their argument by pinpointing allegations of "intentional" and "conscious" conduct. (Defs.' Opp'n Br. 11-12.) But scattershot references to intentional conduct are a far cry from meeting the high burden Congress set for PREP Act plaintiffs. Plaintiffs' Complaint does not allege a wrongful purpose nor does it allege a lack of legal or factual justification. Adding conclusory adverbs to allegations does not morph a negligence action into one for willful misconduct. Indeed, the complaint in *Maglioli* contained similar allegations, and the Third Circuit ruled PREP Act preemption untenable. (*See, e.g.*, Compl. ¶ 19, *Maglioli*, No.

---

[4] That is especially so because Defendants must convince the Court that PREP Act preemption applies without doubt. *See Aparicio v. Copper River Salon, LLC*, No. 21-4447, 2021 WL 5040463, at *2-3 (D.N.J. Oct. 29, 2021) (rejecting ERISA preemption argument and remanding action to state court).

20-6605 (D.N.J.), ECF No. 1-1 ("The claims asserted herein are premised on negligence and gross negligence, wrongful death and medical malpractice. Plaintiffs also seek recovery of damages, replete with punitive damages, from all of the Defendants based upon the aforementioned causes of action, and, conduct that was grossly reckless, willful, and wanton, in the face of the Covid-19 outbreak and pandemic."); *id.* ¶ 44 ("The actions and/or inactions of the Defendants in the wake of the Covid-19 outbreak and pandemic constituted deliberate acts and/or omissions with knowledge of a high degree of probability of harm and reckless indifference to the consequences.").) Because the PREP Act requires more than bare allegations of willfulness, the Court concludes that the PREP Act does not preempt the Complaint's state law causes of action.[5]

## IV.  CONCLUSION

This case belongs in state court. The Court, therefore, grants Plaintiffs' motion to remand. An appropriate order will follow.

MICHAEL A. SHIPP
**UNITED STATES DISTRICT JUDGE**

---

[5] In reaching this conclusion, the Court joins the chorus of post-*Maglioli* cases in this Circuit that hold the same. *See, e.g., Guyer Est. of Markle v. Milton Nursing & Rehab. Ctr., L.P.*, No. 20-2381, 2021 WL 5112269, at *3-4 (M.D. Pa. Nov. 3, 2021); *Hereford v. Broomall Operating Co.*, --- F. Supp. 3d ---, 2021 WL 5834384, at *6 (E.D. Pa. Dec. 9, 2021); *Boyle v. Meyer*, No. 21-694, 2021 WL 6051439, at *6 (W.D. Pa. Dec. 21, 2021); *Hansen v. Brandywine Nursing & Rehab. Ctr., Inc.*, No. 21-649, 2022 WL 608968, at *3 (D. Del. Jan. 19, 2022); *Battista v. Broomall Operating Co.*, Nos. 22-966, 22-968, 22-969, 22-970, 22-1792, 2022 WL 1774262, at *2 (E.D. Pa. June 1, 2022).