NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES LE CARRE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIANCE HC II LLC, d/b/a ANDOVER SUBACUTE AND REHABILITATION II, *et al.*,<br><br>Defendants. | Civil Action No. 21-20226 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendants Alliance HC II LLC d/b/a Woodland Behavioral and Nursing Center f/d/b/a Andover Subacute and Rehabilitation II (i/p/a separate entities, Andover Subacute Rehabilitation II; Woodland Behavioral and Nursing Center), Chaim Scheinbaum, and Louis Schwartz's ("Defendants") Motion to Stay Remand Order Pending Appeal. (ECF No. 29.) Plaintiffs James Le Carre, individually and as Administrator and Administrator *ad Prosequendum* of the Estate of Alexander Olin ("Plaintiffs") opposed (ECF No. 33), and Defendants replied (ECF No. 34). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court denies Defendants' Motion.

## I. BACKGROUND

Plaintiffs initiated this matter in Superior Court of New Jersey, Ocean County,[1] and Defendants removed the action to this Court citing two grounds for removal: (1) 28 U.S.C. § 1441(a) on the basis of "original jurisdiction" because Plaintiffs' Complaint asserts a claim "arising under" federal law by virtue of complete preemption under the Public Readiness and Emergency Preparedness ("PREP") Act;[2] and (2) 28 U.S.C. § 1442(a)(1) because Defendants are being sued in connection with alleged acts undertaken at the direction of a federal officer. (Notice of Removal, ECF No. 1.) Plaintiffs moved to remand the action, and the Court granted the motion ordering remand on July 18, 2022 ("Remand Order"). (ECF No. 24.)

Defendants requested an automatic stay of the remand order on July 21, 2022 (ECF No. 26), and the Court granted the request on July 25, 2022 (ECF No. 27). Defendants appealed the remand on August 16, 2022 (ECF No. 28) and filed the instant Motion to Stay on August 17, 2022 (ECF No. 29).

## II. LEGAL STANDARD

The Court balances four factors when considering a request for a stay pending judicial review: (1) whether the moving party has demonstrated a likelihood of success on the merits; (2) whether the moving party will be irreparably harmed should the motion be denied; (3) whether the issuance of a stay will cause substantial harm to the other parties in the action; and (4) where the public interest lies. *St. John v. Affinia Grp., Inc.*, No. 09-2501, 2009 WL 1586503, at *2 (D.N.J. 2009) (citation omitted). The first two factors are "the most critical." *Reilly v. Harrisburg*, 858

---

[1] *James Le Carre v. Alliance HC II LLC*, No. OCN-L-2638-21 (N.J. Super. Ct. Law Div. 2021).

[2] The Notice of Removal also lists "substantial federal question" as a ground for removal, but Defendants do not address this ground in the present Motion. (*See generally* Defs.' Moving Br., ECF No. 29-1.)

2

F.3d 173, 179 (3d Cir. 2017). "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.*

### III.   DISCUSSION

As an initial matter, it is unclear whether the Court still retains jurisdiction over this action. While Defendants requested an automatic stay on July 21, 2022, and that request was granted on July 25, 2022, the docket indicates that the Clerk of Court mailed the transmittal letter and a certified copy of the Remand Order to the Ocean County Courthouse on July 18, 2022. (*See* ECF No. 25.) The Third Circuit has held that the "jurisdictional event" which divests a district court of jurisdiction is when "the certified copy of the remand order [is sent] to state court." *Agostini v. Piper Aircraft Corp.*, 729 F.3d 350, 356 (3d Cir. 2013). This suggests that this Court no longer has jurisdiction.

The Court, however, granted an automatic stay after the jurisdictional event, and, therefore, it will still evaluate the factors for a stay pending judicial review. Because the Court finds that the factors weigh against staying the Remand Order, the outcome is the same. The Court considers each of the factors below.

### A.   Defendants Have Not Demonstrated a Likelihood of Success on the Merits.

The first factor weighs strongly against granting a stay because Defendants have not demonstrated a likelihood of success on the merits. The Third Circuit is likely to find both that (1) Defendants are not considered federal officers for the purpose of federal officer jurisdiction, and (2) Plaintiffs did not plead claims of willful or intentional misconduct requiring federal preemption under the PREP Act; therefore, the Court does not have jurisdiction, and the Remand Order is appropriate. The Court relies heavily on the Third Circuit's Opinion in *Maglioli v.*

3

*Alliance HC Holdings, LLC*, because the facts, Defendants, and legal claims are similar, if not identical. 16 F.4th 393 (3d Cir. 2021).

1. *Federal Officer Jurisdiction*

Defendants criticize the Court for "merely rel[ying] on the holding in *Maglioli*" in its assessment of federal officer jurisdiction. *Maglioli*, however, is controlling here, and it contains the exact analysis that Defendants seek. *See generally Maglioli v. Alliance HC Holdings, LLC*, 16 F.4th 393 (3d Cir. 2021). *Maglioli* pertained to a very similar set of facts and *identical* defendants, and the Third Circuit found that "[Defendants] are not delegated federal authority, nor do they provide a service that the federal government would otherwise provide." *See id.* at 405; Pls.' Opp'n Br. 7, ECF No. 33. The Third Circuit also found that "[Defendants] do not assist or help carry out the duties of a federal superior," and they are not "acting under" federal agencies as required to invoke federal officer jurisdiction. *Maglioli*, 16 F.4th at 405.

As a practical matter, it is unlikely that the Third Circuit will find that Defendants were not "acting under" government agencies in one case and yet "acting under" them in another. *Id.* ("[Defendants] were not 'acting under' the United States, its agencies, or its officers.") Defendants' status in these cases is not a matter of an artfully pled complaint. They are the same Defendants, engaging in the same conduct, during the same timeframe. *See generally id.* There is nothing different about Defendants in this case than in *Maglioli* that would suggest that the Third Circuit would come to a different result.

Even outside of this practical matter, Defendants are unlikely to prevail on any new facts they provide, despite arguing that the Third Circuit did not consider them in *Maglioli*. Defendants claim that "neither in *Maglioli* nor here has a court analyzed the direct control exercised by CMS, the CDC, and other federal agencies and the fact that Defendants were carrying out duties which the federal government proclaimed were its own." (Defs.' Moving Br. 7.) This is simply not the

case. The Third Circuit heavily scrutinized the standard for federal officer jurisdiction, compared and contrasted Defendants to parties who are historically considered federal officers, and delved into the regulations that guided Defendants. *Maglioli*, 16 F.4th at 405-06. Despite this analysis, it concluded that "Congress did not deputize all of these private-sector workers as federal officers." *Id.* at 406.

The Third Circuit is just as unlikely today as it was when it decided *Maglioli* to find that Defendants are federal officers for the purposes of federal officer jurisdiction.

2.   *Federal Preemption under the PREP Act*

*Maglioli* held that the PREP Act completely preempts claims of intentional and willful misconduct arising under it. *Maglioli*, 16 F.4th at 407 ("[T]he PREP Act creates an exclusive cause of action for willful misconduct."). It specified that "[w]illful misconduct is a separate cause of action from negligence," and "complete preemption does not apply when federal law creates an entirely different cause of action from the state claims in the complaint." *Id.* at 411. It further explained: "Congress could have created a cause of action for negligence or general tort liability. It did not. Just as intentional torts, strict liability, and negligence are independent causes of action, so too willful misconduct under the PREP Act is an independent cause of action." *Id.* Because the *Maglioli* plaintiffs pled strictly claims of negligence, the *Maglioli* Court concluded that the plaintiffs "could not have brought their claims under . . . the PREP Act." *Id.*

Defendants contend that Plaintiffs' Complaint in this case is distinguishable from *Maglioli* because, on its face, it "alleged intentional and willful misconduct as defined under the PREP Act, which therefore confers exclusive federal jurisdiction in accordance with . . . *Maglioli*." (Defs.' Moving Br. 9.) The Court finds it unlikely that the Third Circuit will agree. Plaintiffs' Complaint exclusively sets forth state law claims, three of which are negligence claims. (Pls.' Opp'n Br. 9; *see also* Compl., ECF No. 1-1.) Plaintiffs use language throughout the Complaint consistent with

negligence causes of action. (*See* Compl. 2 ("as a result of Defendants' reckless conduct and gross negligence"); *id.* at 12 (point heading B: "Regulatory History Shows Systemically Negligent and Reckless Conduct"); *id.* at 13 (Defendants "engage in patterns of conduct that exhibit a reckless indifference for the health and safety of [their] residents").) It is unlikely that the Third Circuit will find that Plaintiffs could have brought these claims under the PREP Act.[3]

Defendants, accordingly, have not demonstrated a likelihood of success on the merits as it relates to federal officer jurisdiction or federal preemption.

### B. Defendants Will Not Be Irreparably Harmed Should the Motion Be Denied.

The second factor also weighs against granting a stay. Defendants claim that they will suffer irreparable harm absent a stay because they will be "forced to incur the expense, disruption, and burden of litigating this claim in a New Jersey State Court . . . ." (Defs.' Reply Br. 4, ECF No. 34.) But litigation expense—even a substantial one that cannot be recovered—is not an irreparable harm. *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974). Furthermore, even if the Third Circuit decision compels moving the case back to federal court—which is unlikely—any progress made in the state case (e.g. discovery) would also further the federal case. *Leroy v. Hume*, 563 F. Supp. 3d 22, 30 (E.D.N.Y. 2021) ("Any subsequent discovery obtained in state court will be relevant to the case's adjudication even if the case is subsequently removed to federal court. As such, [the Court does] not find litigation of parties' claims in state court to amount to irreparable injury to defendants."). There is little risk of duplicated efforts given the current procedural posture of this case, and the Court finds that this factor, accordingly, weighs against granting a stay.

---

[3] Pursuant to PREP Act § 247d-6d(e)(1), any action for willful or intentional misconduct "shall be filed and maintained only in the United States District Court for the District of Columbia." This Court, accordingly, would still be the improper court even if it determined that the claims were preempted.

C.     **Harm to the Plaintiffs and Public Interest**

Because Defendants cannot satisfy the first two gateway factors, a stay is unwarranted, and the Court need not explore the final two factors. *Reilly*, 858 F.3d at 179. Both, in any event, weigh against granting a stay.

Plaintiffs will suffer harm if a stay is granted. Due to the strong unlikelihood of success on the merits, forcing Plaintiffs to wait additional time to try their case with the impact that the stay will have on the memories of the relevant parties and fact witnesses, is unwarranted. *See id.* (comparing the strength of the claim on the merits with the necessary strength of the harms).

The public interest also weighs against granting a stay. While the application of the PREP Act to injuries arising from COVID-19 is of national importance, actions similar to this one have already been filed and decided by multiple circuits, including the Third Circuit. *See, e.g., Maglioli*, 16 F.4th at 393; *Saldana v. Glenhaven Healthcare, LLC*, 27 F.4th 679 (9th Cir. 2022); *Manyweather v. Woodlawn Manor, Inc.*, 40 F.4th 237 (5th Cir. 2022); *Martin v. Petersen Health Ops., LLC*, 37 F.4th 1210 (7th Cir. 2022). This matter is no longer an issue of first impression, as Defendants contend. (Defs.' Moving Br. 5; Defs.' Reply Br. 6; *see Maglioli v. Andover Subacute Rehab. Ctr. I*, No. 21-2120, 2021 WL 2525714, at *7 (D.N.J. June 18, 2021) (finding a public interest where there was a potential for conflicting rulings prior to the Third Circuit ruling on the application of the PREP Act).) This factor, therefore, weighs against issuing a stay.

## IV. CONCLUSION

The factors weigh against granting a stay. The Court, therefore, denies Defendants' Motion to Stay Remand Order Pending Appeal of Plaintiffs' Motion to Remand. An appropriate order will follow.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE